1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ANDREW ROPER, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP YANNI, <br><br> Defendant. | Case No.:  18-cv-0489-WQH-KSC <br><br> **ORDER** |

HAYES, Judge:

The motion before the court is the Motion for Summary Judgment filed by Defendant Philip Yanni.  (ECF No. 8).

## BACKGROUND

On March 7, 2018, Plaintiff Timothy Roper initiated this action against Defendant Philip Yanni by filing a Complaint for fraudulent concealment, fraudulent misrepresentation, and breach of express warranty.  (ECF No. 1).  On March 26, 2018, Plaintiff filed the First Amended Complaint.  (ECF No. 4).  On April 11, 2018, Defendant filed the Motion for Summary Judgment.  (ECF No. 8).  On May 5, 2018, Plaintiff filed a Motion in Opposition to Defendant's Motion for Summary Judgment.  (ECF No. 12).

## FACTUAL BACKGROUND

Defendant Philip Yanni was the third owner of the car at issue, a 1971 Porsche 911S ("the Car") (Declaration of Philip Yanni, ECF No. 10-3, at ¶ 1). Yanni sold the Car to Plaintiff Timothy Roper in September 2017 through the Bring A Trailer ("BAT") auction website for $102,000. (Declaration of Timothy Roper, ECF No. 12 at 20). Yanni shipped the Car to Roper on September 16, 2017. (Yanni Decl. at ¶ 17). On November 8, 2017, the Car was picked up by a driver from Williams Crawford from the Southampton docks in the United Kingdom. (Roper Decl. at ¶ 4). The Car was taken directly to a mechanic for initial inspection. *Id.* After inspection, Roper was notified that the Car had extensive damage presumably from a massive frontal accident. (Roper Decl. at ¶ 5).

Yanni is a classic car collector and "generally own[s] and maintain[s] 15 and 20 [cars]." (Yanni Decl. at ¶ 7). Yanni owned the car for a period of approximately two and a half years prior to the sale of the Car. (Yanni Decl. at ¶¶ 1, 17). During this time, Yanni commissioned a "bare metal" restoration of the Car. (Yanni Decl. at ¶ 4). During this restoration process, the Car was in and out of the possession of two individuals. *Id.* at 5. The first individual is William Losee, a Porsche mechanic. (Declaration of William Losee, ECF No. 10-7, at ¶ 1). Losee was hired by Yanni "to perform any mechanical work necessary to restore [the Car]." (Losee Decl. at ¶ 3). The second individual, Eric Bishop, is a body repair, restoration, and paint restoration professional. (Declaration of Eric Bishop, ECF No. 10-9, at ¶ 2). Bishop performed the paint work on the Car. (Yanni Decl. at ¶ 5). Bishop and Losee declare that they reviewed Roper's allegations and throughout their work on the Car, they did not see any evidence of the damage that Roper alleges. (Bishop Decl. at ¶¶ 13, 14; Losee Decl. at ¶ 8).

Roper had the initial inspection of the Car performed at Williams Crawford, a business specializing in Porsche maintenance, restoration, and collision repairs in the UK. (Declaration of Adrian Crawford, ECF. No. 12 at 61). Adrian Crawford, a Co-Director of Williams Crawford, performed the initial inspection and wrote a report of his findings. (Crawford Decl. at ¶¶ 2, 3). Crawford states in the report that the Car has "major damage"

and repairing the damage would be uneconomical.  (Crawford Decl. at 64).  Roper sent the Car to Jeffrey Moyes, an experienced mechanical engineer, for a second opinion.  (Roper Decl. at ¶ 23).  Moyes declared the Car has "severe damage" that is sufficient to render the car financially unviable for repair.  (Declaration of Jeffrey Moyes, ECF No. 12, at ¶ 7).

On March 7, 2018, Roper filed a complaint for fraudulent concealment, fraudulent misrepresentation, and breach of express warranty against Yanni.  (ECF No. 1).

## LEGAL STANDARD

A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. Fed. R. Civ. P. 56(a). A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *Id.*  A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  The materiality of a fact is determined by the substantive law governing the claim or defense.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970).  The burden then shifts to the opposing party to provide admissible evidence showing that summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324.  The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor.  *See Anderson*, 477 U.S. at 255.

## ANALYSIS

### 1. FRAUDULENT CONCEALMENT

Yanni contends that he did not conceal any material fact because the Car was not damaged when he sold it to Roper.  Yanni contends that he had no duty to disclose any damage to Roper.  Yanni further contends that because Roper did not take the opportunity

3

to inspect the car before purchasing it any reliance Roper placed on Yanni's representations was unreasonable.

Roper contends that the Car had extensive damage when Roper received it from Yanni. Roper contends that the damage is from a major frontal accident that was poorly repaired and concealed by Yanni. Roper contends that Yanni had a duty to disclose the damage to the Car because Yanni knew that the damage existed and that the damage was not known to or reasonably discoverable by Roper. Roper contends that Yanni had to have known of the damages given the severity of the damage and Yanni's extensive knowledge of classic cars. Roper contends that Yanni must have become aware of the damage during the restoration of the car in which the car was stripped down to a bare shell.

To state a claim for fraudulent concealment under California law, the plaintiff must establish five elements: "1) the defendant concealed or suppressed a material fact; 2) the defendant was under a duty to disclose the fact to the plaintiff; 3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; 4) the plaintiff was unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact; and 5) the plaintiff was damaged by the concealment." *Jones v. Conoco Phillips*, 198 Cal. App. 4th 1187, 1198 (2011). A duty to disclose may arise in three circumstances: "(1) the defendant makes a representation but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff." *Warner Constr. Corp. V. City of Los Angeles*, 2 Cal. 3d. 285, 294 (1970).

Yanni submits photographs of the Car that were posted on the BAT website and the declarations of two mechanics, William Losee and Eric Bishop, to prove that the car was not damaged prior to selling it to Roper. (ECF No. 10-3, Exhibit 1). Losee and Bishop both declare they saw no damage while working on the Car. (Losse Decl. at ¶ 8; Bishop Decl. at ¶ 14). Roper's assertion that the Car was damaged is supported by the declarations

of two professionals, Adrian Crawford and Jeffrey Moyes, who conclude that the Car was involved in a frontal collision that damaged its frame.  (Moyes Decl. at ¶ 7; Crawford Decl. at Exhibit A).   Roper has attached photographs of the alleged damage juxtaposed with photographs of an undamaged Porsche 911.  (Roper Decl., Exhibits A–H).  The evidence in the record presents a genuine issue of a material fact regarding whether the car was damaged before Yanni sold is to Roper.

Roper has submitted evidence that supports the conclusion that Yanni intentionally concealed the damage.  (Crawford Decl. at 62, "heavy textured material has been applied to disguise the damage.") (Moyes Decl. at ¶ 7, "Although the car outwardly looks presentable…the severity of the damage is sufficient to render the car financially unviable to properly repair.").  The evidence in the record is sufficient to support an inference that Yanni knew of the damage and actively concealed discovery of the damage by Roper.

Yanni has not met his burden to establish that he is entitled to summary judgment as a matter of law on Roper's claim for fraudulent concealment.[1]

2. FRAUDULENT MISREPRESENTATION

Roper brings a claim against Yanni for fraudulent misrepresentation based on the statement posted on the Auction website, "Bring A Trailer," that the "donor" used for restoration was "sound" and "rust free with solid floors."  (ECF No. 12 at 44).  Yanni asserts that he did not make any misrepresentation concerning damage to the Car because the Car was not damaged when Yanni sold it to Roper.  Yanni contends that Roper's reliance on the misrepresentation was unreasonable because Roper did not inspect the Car before purchasing it.

The elements of fraudulent concealment are "1) a misrepresentation, 2) with knowledge of its falsity, 3) with the intent to induce another's reliance on the

---

[1] Yanni asserts that Roper did not take the opportunity to have the car inspected prior to making his purchase. (ECF No. 9 at 5).  However, plaintiff is not required to prove reliance in order to recover on a fraudulent concealment claim. *See Jones*, 198 Cal. App. 4th at 1198 (2011) (listing the elements plaintiffs are required to prove for a fraudulent concealment claim).

misrepresentation, 4) justifiable reliance, and 5) resulting damage." *Conroy v. Regents of University of California*, 45 Cal. 4th 1244, 1255 (2009) (citing *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167,173 (2003)). "Justifiable reliance is an essential element of a claim for fraudulent misrepresentation, and the reasonableness of the reliance is ordinarily a question of fact." *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1991) (citing *Seeger v. Odell*, 18 Cal. 2d 409, 414–415 (1941)); *see also Blankenheim v. E.F Hutton & Co.*, 217 Cal. App. 3d 1463, 1475 (1990) (citing *Arthur L. Sachs, Inc. v. City of Oceanside*, 151 Cal. App. 3d 315, 323 (1984)) ("Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact.").

The court has concluded that there is a genuine issue of fact concerning whether or not the Car was damaged when Yanni sold it to Roper.  Roper bought the Car on the BAT auction website. (Roper Decl. at ¶ 2).  Roper purchased the Car from Yanni, who is an experienced car collector. (Yanni Decl. at ¶ 7). Roper then shipped the Car from California to the United Kingdom where Roper resides. (Roper Decl. at ¶ 4).  Roper relied on the statements made on the BAT website in making his decision to purchase the car.  (Roper Decl. at ¶ 3). The court concludes that this is not the case where "undisputed facts leave no room for a difference of opinion" as to whether Roper's reliance on Yanni's alleged misrepresentation was reasonable.  *Blankenheim*, 217 Cal. App. 3d at 1463.  Yanni is not entitled to summary judgment on Roper's claim for fraudulent misrepresentation.[2]

3. BREACH OF EXPRESS WARRANTY

Roper contends that the "Bring A Trailer" website stated "the body used was rust free with solid floors."  (ECF No. 12 at 52).  Roper contends that this statement created an express warranty and Yanni breached this warranty by supplying a car that had several

---

[2] Yanni contends that, even if the Car was damaged, Yanni had no duty to disclose the damage to Roper.  *Id.*  However, a duty to disclose is not an element of a fraudulent misrepresentation claim. *See Conroy*, 45 Cal. 4th at 1255 (2009) (listing elements for fraudulent misrepresentation).

rusty areas repaired.  *Id*.  Yanni contends that Roper's breach of express warranty claim fails as a matter of law because the California Uniform Commercial Code does not apply to this transaction because Yanni "is not in the business of selling cars."  (ECF No. 9 at 7).

Section 2313(1)(b) of the California Commercial Code states "Express warranties by the seller are created as follows: Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  The term "seller" is defined as "a person who sells or contracts to sell goods." Cal. Com. Code § 2103.  The facts in the record are sufficient to infer that Yanni is a person who sold and contracted to sell goods.

Yanni further contends that Roper's express warranty claim fails because the contract which Roper signed "expressly disclaims any warranties."  (ECF No. 9 at 7).  The California Uniform Commercial Code states, "[a] clause generally disclaiming 'all warranties, express or implied' cannot reduce the seller's obligation with such respect to such description and therefore cannot be given literal effect under Section 2-316." Cal. Com. Code § 2313 cmt. 4. *See also Hauter v. Zogarts*, 14 Cal. 3d 104, 119 (1975) (citing *Wilson Trading Corp. v. David Ferguson, Ltd.*, 23 N.Y.2d 398, 405 (1968)) ("Because a disclaimer or modification is inconsistent with an express warranty, words of disclaimer or modification give way to words of warranty…").  Therefore, Yanni is not entitled to summary judgment on Roper's claim for breach of express warranty.

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant Philip Yanni is denied.

Dated:  July 26, 2018

Hon. William Q. Hayes
United States District Court

18-cv-0489-WQH-KSC