**PANAKOS LAW, APC**
Aaron D. Sadock (SBN 282131)
Email: asadock@panakoslaw.com
Bonnie E. McKnight, Esq. (SBN 306562)
Email: bmcknight@panakoslaw.com
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone:  (619) 800-0529

Attorneys for Defendant Philip Yanni

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ANDREW ROPER, an individual, <br><br><br> Plaintiff, <br><br> v. <br><br> PHILIP YANNI, an individual, <br><br> Defendant. | Case No. 3:18-CV-00489-WQH-KSC <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR PERMISSION TO TAKE PART IN EARLY NEUTRAL EVALUATION CONFERENCE SET FOR DECEMBER 4, 2018 at 2:30 P.M. BY TELEPHONE CONFERENCE CALL** <br><br> District Judge: Hon. William Q. Hayes <br><br> Magistrate Judge: Hon. Karen S. Crawford <br><br> Courtroom: 14B <br><br> Action filed: March 7, 2018 |

**TO THE HONORABLE JUDGE OF THIS COURT:**

Defendant PHILIP YANNI, an individual, ("YANNI" or "Defendant") hereby submits the following Opposition to Plaintiff's Ex Parte Application for Permission to Take Part in Early Neutral Evaluation Conference Set for December

1    4, 2018 at 2:30 p.m. by Telephone Conference Call:

2        As articulated in the Court's Order, the "purpose of the ENE is to permit an

3    informal discussion between the attorneys, parties, and the settlement judge of every

4    aspect of the lawsuit in an effort to achieve an early resolution of the case. Notice

5    and Order for Early Neutral Evaluation Conference, dated October 1, 2018, ¶ 1. To

6    effectuate the ENE's purpose, the Court has expressly ordered that "[a]ll parties,

7    adjusters for insured defendants, and other representatives of a party having full and

8    complete authority to enter into a binding settlement, and the principal attorneys

9    responsible for the litigation ... be present *in person* and legally and factually

10   prepared to discuss settlement of the case." *Id.* ¶ 2 (emphasis in original). "In addition

11   to counsel who will try the case, a party or party representative with *full settlement*

12   *authority* must be present for the conference." *Id.* ¶ 3 (emphasis in original). The

13   Court will only consider requests "to continue an ENE conference when

14   extraordinary circumstances exist that make a continuance appropriate. In and of

15   itself, having to travel a long distance to appear in person is not 'extraordinary.'" *Id*

16   at ¶ 7.

17       No rule excuses Plaintiff from personally appearing at the ENE. Plaintiff chose

18   to file the case in this Court, and thus, Plaintiff should be bound by the same

19   obligations as any other party under this Court's jurisdiction. "For settlement

20   conferences to be productive and worthwhile, . . . settlement negotiations must take

21   place in the physical presence of the parties and qualified representatives from both

22   sides." *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 486 (D. Ariz. 2003), *amended*

23   *on reconsideration in part sub nom. Pitman v. Brinker Int'l*, No. CV02-1886PHX

24   DGC, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003). "It is often true that as a result of

25   [settlement conference] presentations, the clients' positions soften to the extent that

26   meaningful negotiation, previously not seriously entertained, becomes possible. This

27   dynamic is not possible if the only person with authority to negotiate is located away

28   from the courthouse and can be reached only by telephone." *Dvorak v. Shibata*, 123

F.R.D. 608, 609 (D. Neb. 1988). Therefore, Plaintiff's request to appear telephonically should be denied.

Even if the "extraordinary circumstance" standard were applied, Plaintiff has not shown that any "extraordinary circumstance" excuses his personal attendance at the ENE. Plaintiff's explanation that traveling from the United Kingdom to the ENE would be "at disproportionate time and cost" is not justifiable. Furthermore, Plaintiff's physical condition existed at the time he filed suit in March 2018, and he has provided no evidence of any medical condition preventing trial. Plaintiff consented to appearing before this Court and is seeking compensatory damages against Plaintiff of over half a million dollars ($142,000.00 plus punitive damages of three times the compensatory damages). ECF No. 4, ¶¶ 51-53. This amount of damages sought emphasizes the need for the parties to appear in person, and Plaintiff cannot object that a personal appearance at the ENE "would be so onerous as to completely outweigh the size, value and complexity of the case" without any supporting evidence. Given that Plaintiff is overseas, there is a strong likelihood of poor phone connection and delays in response, which would impede the parties from productive settlement discussion. In sum, Defendant would be prejudiced if Plaintiff is permitted to appear telephonically.

Accordingly, Defendant requests that this Court deny Plaintiff's request to appear telephonically at the ENE.


Respectfully submitted,


Dated:  November 5, 2018          **PANAKOS LAW, APC**


                                  By: /s/Bonnie E. McKnight
                                  Bonnie E. McKnight
                                  Attorneys for Defendant Philip Yanni